## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Izell D. Hair, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:21-cv-1710-TMC |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Lt. C. Parker and Capt. Livingston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Izell D. Hair, a state prisoner proceeding *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983 alleging Defendants violated his rights secured by the Eighth Amendment. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a United States Magistrate Judge for pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), (ECF No. 102), recommending the court grant in part and deny in part Defendants' motion for summary judgment, (ECF No. 59). Defendants filed objections to the Report, (ECF No. 106), to which Plaintiff filed a response, (ECF No. 108). Therefore, this matter is ripe for review.

## BACKGROUND

Plaintiff alleges that on September 3, 2019, Lt. Parker assaulted him while placing him in a cell in the Restrictive Housing Unit ("RHU") at Broad River Correctional Institution. (ECF No. 1 at 6). Plaintiff further alleges that Capt. Livingston witnessed the incident but failed to intervene or take any action. *Id*. Plaintiff asserts that Defendant Parker used excessive force in violation of the Eighth Amendment and that Defendant Livingston is liable under a bystander theory. *Id*. at 4–6. According to Plaintiff, this alleged assault resulted in injuries to his eye, back, wrist, and legs, and caused him to suffer migraine headaches. *Id.* 7–8. Plaintiff seeks compensatory and punitive damages as well as injunctive relief. *Id*. at 7.[1]

Defendants moved for summary judgment, (ECF No. 59), arguing that Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment, (ECF No. 59-1 at 2); that Plaintiff failed to exhaust his administrative remedies prior to bringing this action, *id*. at 3–7; and that there is no competent evidence to establish Plaintiff's claims, *id*. at 7–12. In support, Defendant Parker submitted an affidavit which acknowledged that on September 3, 2019, Plaintiff was moved from general population to the RHU and explained that Plaintiff was being

---

[1] The claims asserted in this action are identical to those asserted by Plaintiff in 2019 in *Hair v. Parker*, No. 2:19-cv-2741-TMC (D.S.C.), which this court dismissed without prejudice on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing the complaint, *see* 2021 WL 805536, at *3 (D.S.C. Mar. 3, 2021), *appeal dismissed*, No. 21-6378, 2021 WL 4203695 (4th Cir. Sept. 10, 2021).

placed in a "crisis intervention" or "CI" cell which is used for inmates experiencing immediate mental health care" needs. (ECF No. 59-5 at 2). As "Lieutenant over the RHU" at that time, Defendant Parker admits being present but categorically denies Plaintiff's factual allegations, stating that "[a]t no time did I lay hands on [Plaintiff] or use any force on him," and that "[Plaintiff] would have been escorted to RHU by other officers from the general population unit from which he was transferred." *Id*. Defendant Livingston also submitted an affidavit, indicating that during the relevant time period, she had responsibility for certain employees who worked in the RHU but that she "had no direct supervisory responsibilities over the operation of the RHU" and that her duties did not take her into the RHU on a regular basis. (ECF No. 59-3 at 1). As for the September 3, 2019 incident in question, Defendant Livingston attested that she has "no recollection of such an incident taking place" and that she does "not believe [she] was present for or witnessed any use of force by Lt. Parker or anyone else upon [Plaintiff] on September 3, 2019." *Id*. at 2. Finally, Defendants presented voluminous medical records maintained by the South Carolina Department of Corrections ("SCDC") reflecting, for example, that Plaintiff was assessed on September 3, 2019, as a suicide risk who was suffering "psychotic symptoms." (ECF No. 59-2 at 107). Defendants contend that SCDC's records do not support his claim that significant injuries resulted from the alleged assault. (ECF No. 59-1 at 10).

In her Report, the magistrate judge addressed the exhaustion of remedies issue in a very thorough analysis and concluded, based on the record at this juncture, that Plaintiff was denied the opportunity to exhaust his administrative remedies. (ECF No. 102 at 4–11). Thus, the magistrate judge recommended that the court deny summary judgment based on failure to exhaust. *Id*. at 11.

Regarding the merits of the summary judgment motion, the magistrate judge first concluded that, to the extent Plaintiff is asserting claims against Defendants in their official capacities, such claims are barred by Eleventh Amendment immunity, and recommended the court grant summary judgment on this basis. *Id*. at 4. With respect to Plaintiff's claims against Defendants in their individual capacities, however, the magistrate judge recommended that the court deny summary judgment. *Id*. at 11–15. As for Plaintiff's claim against Defendant Parker, the magistrate judge disagreed with Defendants' argument that Plaintiff could not produce any competent evidence that Defendant Parker assaulted Plaintiff on September 3, 2019, explaining that "[t]he facts urged by Defendants in themselves do not settle the issue of whether the injuries were inflicted by Defendant Parker, and if so, whether the injuries were inflicted maliciously and sadistically to cause harm." *Id*. at 14. As to Plaintiff's bystander liability claim against Defendant Livingston, the magistrate judge noted that Defendant Livingston indicated only that "she has no recollection" of the alleged

incident and that, therefore, a genuine issue of fact still exists as to this claim. *Id*. at 15.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*,

408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

There are no objections to the magistrate judge's analysis, conclusions or recommendations regarding the issue of exhaustion. The court finds that the magistrate judge applied the correct legal standards, agrees with the conclusion reached by the magistrate judge, and finds no reason to deviate from the recommendation that summary judgment be denied on the basis of failure to exhaust administrative remedies. Likewise, there are no objections to the magistrate judge's conclusion that Plaintiff's claims against Defendants in their official capacities are barred by Eleventh Amendment immunity. The court finds that the magistrate judge applied the correct legal standards, agrees with the conclusion reached by the magistrate judge, and finds no reason to deviate from the recommendation that summary judgment be granted to the extent that Plaintiff is asserting his claims against Defendants in their official capacities.

With respect to Plaintiff's Eighth Amendment and bystander liability claims, the court has carefully considered Defendants' objections in the light of the record but agrees with the magistrate judge that questions of fact exist such that the action must move forward on these claims. Defendants point to various portions of the record contradicting or undercutting Plaintiff's claims. Defendants will be free to raise these same points and otherwise test the strength of Plaintiff's case before a

trier of fact.  At this juncture, however, the court is constrained to permit this action to move forward.

## CONCLUSION

Having thoroughly reviewed the record, the Report, and Defendants' objections, the court agrees with the magistrate judge's conclusions for the reasons stated in the Report.  Thus, the court finds no reason to deviate from the Report's recommended disposition and **ADOPTS** the Report, (ECF No. 102), and incorporates it herein.  The court, therefore, **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment (ECF No. 59): the court **GRANTS** summary judgment only as to Plaintiff's claims against Defendants in their official capacities; the court **DENIES** summary judgment as to Plaintiff's claims against Defendants in their individual capacities.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 7, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.